GEORGE BORK, Respondent, *v.* ALEXANDER MARTIN, Appellant.

Where land has been conveyed to a party upon an oral trust, invalid under the Statutes of Frauds and of Uses and Trusts (2 R. S. 134, § 6; 1 id. 728, § 51), it is lawful for him to perform it, and if he conveys the land and receives the proceeds, the law will treat him as a trustee of personal property realized for the benefit of the *cestui que trust,* who may maintain an action against him to recover such proceeds.

The courts will not allow the Statute of Frauds to be used as an instrument of fraud.

H. held the title of certain lots in the city of B., as security for an indebtedness of J. At the request of J., and upon the agreement of plaintiff to pay the indebtedness, he conveyed the lots to defendant, who agreed to hold them for plaintiff's sole use and benefit, subject to his direction respecting sales thereof, and to pay over the proceeds of such sales. Plaintiff paid J.'s indebtedness and from time to time negotiated sales of lots, which defendant deeded at his request. Plaintiff having negotiated a sale of the remaining lots, defendant refused to execute deeds to the purchasers unless the consideration was paid to his wife which was done, plaintiff advancing the money in order to procure the deeds. *Held,* that plaintiff was entitled to recover of defendant the sum so paid; that while the statutes may have justified the defendant in refusing to dispose of the land, having done this he was no longer protected, but held the money under a parol trust which was valid; that plaintiff had the right to advance the money, and that the payment to the wife was not voluntary.

Plaintiff's complaint alleged the conveyance of the premises to defendant upon a trust substantially as stated, the sale of the remaining lots, the receipt by defendant of the purchase-money, and his refusal to pay over the same and then further alleged that defendant "has fraudulently and

dishonestly appropriated the said moneys, and converted them to his own use." *Held*, that this averment did not necessarily characterize the action as one of trover; and that it might be rejected.

(Argued March 10, 1892; decided March 25, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made October 13, 1890, which overruled defendant's exceptions and ordered judgment for plaintiff on a verdict for plaintiff directed by the court.

This was an action to recover the purchase-price received by defendant for certain lots in the city of Buffalo.

On September 7, 1883, Henry Box held the legal title to certain lots of land in Buffalo, but in fact, and as conceded by him, as security for the indebtedness of Jos. Bork to him in the sum of $4,000. Jos. Bork was about to leave Buffalo for a long absence, and he desired to transfer his equity to the plaintiff and have the plaintiff assume the payment to Box; he requested Box to convey the lands to the defendant upon the plaintiff's agreement to pay Box $4,000. This plaintiff agreed to do. Box then conveyed the lands to the defendant and plaintiff subsequently paid Box the $4,000. As part of the transaction the plaintiff and Jos. Bork orally agreed with the defendant that the latter should hold the lands for the sole use and benefit of the plaintiff and subject to his direction respecting the sale of it or any part of it, and pay him the proceeds of such sales, and the defendant received the deed from Box in pursuance of the oral agreement.

The defendant neither paid nor agreed to pay any consideration for the deed or lands. From time to time the plaintiff negotiated sales of lots, parcels of the entire premises, and upon his request defendant executed and delivered deeds thereof to the respective purchasers and paid plaintiff the proceeds. But about May 1, 1888, plaintiff having negotiated the sales of five lots more, the defendant refused to execute the deeds to the purchasers unless the consideration should be paid to him.

Plaintiff, in order to obtain the deeds for the purchasers,

advanced the consideration, $1,980, and upon defendant's direc-
tion delivered it to the defendant's wife. Whereupon defend-
ant delivered the deeds for the purchasers. Plaintiff after-
wards demanded of the defendant payment of the $1,980, which
being refused, this action was brought. The complaint alleged
plaintiff's equitable ownership of the premises ; that they were
conveyed by Box to the defendant upon a trust, substantially
as above set forth ; the sale of the premises ; the receipt by
defendant of the purchase-money, and his refusal to pay the
same to plaintiff.

The complaint further alleged that the defendant "has
fraudulently and dishonestly appropriated the said moneys
and converted them to his own use."

The answer was a general denial.

Further facts are stated in the opinion.

*Adelbert Moot* for appellant. No cause of action in trover
was shown, and the only cause of action alleged was in trover.
(*Decker* v. *Saltzman*, 59 N. Y. 375 ; *People* v. *Dennison*, 84
id. 272 ; *Southwick* v. *Bank of Memphis*, Id. 420 ; *Hood* v.
*Hood*, 85 id. 561.) The rules of evidence and the statute for-
bid that mere oral evidence shall be received to contradict a
deed of land under seal and show that it is or was held in oral
trust for another. (3 R. S. [7th ed.] §§ 49, 51 ; *Garfield* v.
*Hatmaker*, 15 N. Y. 475 ; *Everett* v. *Everett*, 48 id. 218 ;
*Underwood* v. *Sutcliffe*, 77 id. 58 ; 2 Pom. Eq. Juris. §§ 866,
1042 ; *Cook* v. *Barr*, 44 N. Y. 156 ; *Eighmie* v. *Taylor*, 98
id. 288 ; *Drug* v. *Parker*, 52 id. 494 ; *Wheeler* v. *Reynolds*,
66 id. 227 ; *Jackson* v. *Post*, 15 Wend. 588 ; *Loomis* v.
*Loomis*, 60 Barb. 22 ; *Wilson* v. *Holbrook*, 64 id. 431 ; Lewin
on Trusts, § 693 ; *Squire* v. *Harder*, 1 Paige, 493 ; *O. Bank*
v. *Root*, 3 id. 477 ; *Unglish* v. *Marvin*, 128 N. Y. 380.) The
money was paid defendant's wife voluntarily, without protest,
by David F. Day, acting as attorney for the plaintiff, from the
proceeds of mortgages which the plaintiff had obtained through
sales of some of these lands, deeded to defendant Martin, by
Mr. Box, and such money having been paid to defendant's

wife, because he insisted that he was entitled thereto, and demanded it as a matter of right, the payment is a voluntary one and the money cannot be recovered back by plaintiff in this action at law. (*Mowatt* v. *Wright*, 1 Wend. 355; *Clarke* v. *Dutcher*, 9 Cow. 674; *Suprs.* v. *Briggs*, 2 Den. 26; *Wyman* v. *Farnsworth*, 3 Barb. 369; *Flower* v. *Lance*, 59 N. Y. 603; *Wahl* v. *Barnum*, 116 id. 87; *Jaffray* v. *Davis*, 124 id. 164.)

*David F. Day* for respondent. The statute, by its terms, applies only to cases where a valuable consideration has been paid. (3 R. S. [7th ed.] 2181.) If no trust resulted from the conveyance to the appellant, then, under section 49 of the same act, the deed from Box to the appellant was a nullity, and no estate was conveyed. (3 R. S. [7th ed.] 2180.) To apply to the present case the provisions of our statutes, would be to enable the appellant to appropriate to his own use and benefit the property which he procured to be conveyed to him by his agreement to pay over to the respondent the moneys received for the sale of the same. (*Ryan* v. *Dox*, 34 N. Y. 307; *Carr* v. *Carr*, 52 id. 251, 260; *Levy* v. *Brush*, 45 id. 596; *Wood* v. *Rabe*, 96 id. 414; *Foote* v. *Bryant*, 47 id. 544, 547; Willard's Eq. Juris. 599; Hill on Trusts, 144; *Foote* v. *Foote*, 58 N. Y. 258; *Martin* v. *Martin*, 5 Bush. 47.) The real estate which Box conveyed to the appellant, having been held and conveyed by the appellant, in recognition of the trust and confidence reposed in him, and the subject of the controversy in this case being money, personal property, part of the proceeds of such conveyances, the Statute of Uses and Trusts does not apply to the present case. The statute is restricted in its operations to real estate, and does not relate to personalty. (*Robbins* v. *Robbins*, 89 N. Y. 251; *Day* v. *Roth*, 18 id. 448; *Tracy* v. *Tracy*, 3 Brad. 57; *Dunn* v. *Hornbeck*, 72 N. Y. 80.)

LANDON, J. Joseph Bork, originally having an equity in the premises, and being indebted to Box for about $4,000, requested Box to take the legal title as security for the debt,

and also to protect Joseph's equity. Box consented, and although the deed to himself was absolute, he treated it is a mortgage from Joseph, and in equity it was a mortgage. (*Carr* v. *Carr*, 52 N. Y. 251.) Afterwards, Joseph and his brother, the plaintiff, agreed that the plaintiff should pay Box the mortgage debt, and for that and other considerations, plaintiff should have Joseph's equity in the land. Box consented. To accomplish this, Box conveyed the land upon Joseph's and the plaintiff's request to the defendant, who, paying no consideration, orally agreed to hold the title for plaintiff's convenience and benefit. The plaintiff paid Box the mortgage debt. The premises consisted of twenty-five building lots. Defendant agreed to convey the same, upon plaintiff's request, to such purchasers as the plaintiff should procure, and to pay the purchase-money as received to the plaintiff.

The agreement was fully performed by the defendant, except that after conveying, pursuant to plaintiff's request, twenty of the lots and paying him the purchase-money received, or allowing him to receive it himself, and finally conveying the last five lots pursuant to the like request and receiving the purchase-money, the defendant then refused to pay it to plaintiff.

Thus the present controversy is not in respect of the land, for that has been properly disposed of, but in respect of the purchase-money received by the defendant for the last five lots sold.

Assuming that the land was conveyed to the defendant upon an oral trust, invalid under the Statutes of Frauds and of Uses and Trusts (2 R. S. 134, § 6; 1 id. 728, § 51), yet it was lawful for him to perform it, and he has fully performed it so far as it required him to dispose of the land. The land is all sold and he has the price of the last five lots in his pocket. The language of the cases is to the effect that he cannot, in good conscience, retain it, and that it belongs to the plaintiff. (*Robbins* v. *Robbins*, 89 N. Y. 258; *Dunn* v. *Hornbeck*, 72 id. 80; *Foote* v. *Bryant*, 47 id. 544.)

Though the statutes might have justified the defendant's refusal to dispose of the land as he had orally agreed, yet, having disposed of it, he has voluntarily emerged from the

field of their protection, and exposed himself to the law which deals with him as a trustee of personal property realized for plaintiff's benefit, by virtue of an agency for the plaintiff which he has so far performed pursuant to the plaintiff's instructions and his own agreement, as to obtain the moneys his agency was constituted to produce.   Equity approves his performance, so far as he has performed, and as the statutes referred to no longer apply, there is no law which he can invoke to shield him from the full performance of his duty.

The court will not allow the Statute of Frauds to be used as an instrument of fraud, if it can prevent it.  (Cases, *supra;* *Ryan* v. *Dox,* 34 N. Y. 307; *Levy* v. *Brest,* 45 id. 596; *Siemon* v. *Schenk,* 99 id. 598.)

Here the defendant co-operated with the plaintiff for years in the execution of the agreement entered into for plaintiff's benefit, plaintiff the while performing the active labor of negotiating the sale of the lots in full reliance upon defendant's fidelity.   In the end when the fruits of the enterprise have come to defendant's hands ready for delivery to the plaintiff, the defendant halts in his fidelity and seeks to appropriate to himself what he agreed to deliver to the plaintiff. He thus seeks to perpetrate a fraud.   It is the duty of the court to prevent it.

When the defendant says that it is not fraudulent to refuse to perform a contract which the statute declares to be void, the answer is that he is not charged with a refusal to perform that part of the contract; he has voluntarily performed it. A trust in the money may be established by parol.  (*Day* v. *Roth,* 18 N. Y. 448; *Robbins* v. *Robbins, supra.*)   So, too, when the defendant says this money is the proceeds of the sale of his own land, the reply is, that the money is the proceeds of the land which plaintiff entrusted to the defendant to sell for his benefit; that the defendant cannot, with the avails of his agency in his pocket, dispute his agency, or his principal's power to appoint him (*Supervisors of Rensselaer Co.* v. *Bates,* 17 N. Y. 242); that the statutes relate to land, not to money; that since the defendant has waived his statutory

protection and converted the land into money, the court will accept both his waiver and performance so far as he has accomplished them, and take up his agency at the point where he has repudiated it; and since it would be unjust to treat the money as land, and thus allow the defendant to recede from his honest performance, the court will not permit it.

The same equitable considerations defeat the application of the statute which declares that where the grant is to one person and the consideration paid by another, no trust results in favor of the latter. The plaintiff seeks to establish no resulting trust in the land. The voluntary performance of the defendant has carried the case beyond that stage, and the trust is in the money which the facts show the defendant received for plaintiff's benefit. It is simply a question whether the defendant can, *ex æquo et bono*, refuse to pay it to plaintiff. The defendant's argument is that if the plaintiff had no equity or estate in the land, he can have none in its proceeds. The common law gave a resulting trust in the land, which, but for the statute, would have vested in the plaintiff. Upon grounds of public policy, none of which is violated by this case, the statute forbade such a concealment of title. The plaintiff, let us assume, paid the consideration for this grant, which vested in the defendant both the interest of Box as mortgagee and the equity of Joseph Bork as mortgagor. Under the circumstances, it was inequitable for the defendant to refuse to recognize the oral trust which he assumed. So long as he held the title to the land, he might have invoked the protection of the statute. But pursuant to his oral trust, he converted the land into money. The law, perceiving that to hold otherwise would promote injustice, says to the defendant, you had the statutory protection so long as you kept the property entrusted to you within its terms, but you have voluntarily and justly converted it into money and thus withdrawn it from the shield of the statute. The plaintiff converted his money into land and allowed you to hold the land exempt from the legal trust and bound only by the moral one. He thus voluntarily placed his property beyond his legal reach. You have now voluntarily

reconverted it into money and thus replaced it within his legal reach. It was his originally, in good conscience; it was his when the statute enabled you to deny his right; it is now, in good conscience, his with the statutory bar to his taking it voluntarily removed by you. Justice desires to award it to him, and thus finds its way to do it.

If the defendant should say that he now can keep the money, because he might once have kept the land, still the plaintiff can say with better justice that he is now entitled to the money because it was originally his, and though he voluntarily suspended his right to it for a season, he did so without lawful consideration, and in confidence that when it could be restored to him it would be. That time has come, and there is no obstacle to its restoration.

The allegation in the complaint that the defendant "has fraudulently and dishonestly appropriated the said moneys and converted them to his own use" is an unnecessarily strong characterization of defendant's refusal to pay them over to the plaintiff. We do not think the pleader intended to frame his complaint as for trover, and this characterization may be rejected and still leave stated the cause of action upon which the recovery was had.

The objection that the plaintiff voluntarily paid the purchase-money to defendant's wife upon defendant's request, is not supported by the facts. The defendant had the right to receive the purchase-money in the first instance and, therefore, the right to refuse to let the deeds go out of his hands until it was paid to him. The plaintiff had the right, if he chose to do so, to advance it for the purchasers. The defendant simply received what he had the right to ask in his capacity as agent, namely, payment of the purchase-price upon delivery of the deeds.

By adding to that right an unfounded claim did not convert the satisfaction of the claim properly made into a concession of the improper one.

The judgment should be affirmed.

All concur.

Judgment affirmed.