(1 App. Div. 316.)

MOONEY v. BYRNE et al.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

1. NONAPPEALABLE ORDER—RULING ON DEMURRER.
    An appeal does not lie from an order sustaining or overruling a demurrer.

2. DEED ABSOLUTE—MORTGAGEE IN POSSESSION.
    Plaintiff gave to defendant's intestate, under whom he went into possession, a deed of land, absolute in form, in consideration that he discontinued foreclosure of the mortgage thereon, and canceled it, and paid the taxes then due on the land. By a written agreement, of even date, the intestate agreed to relieve plaintiff from all personal liability on the mortgage, and to. reconvey to her, on payment, within one year from its date, of all moneys advanced. *Held*, that the intestate was a mortgagee in possession.

3. MORTGAGEE IN POSSESSION — BONA FIDE PURCHASER — LIABILITY OF MORTGAGEE.
    A sale by a mortgagee in possession, under an absolute deed to a purchaser, without notice of the mortgage, extinguishes the mortgage, and leaves the mortgagee liable only for the surplus received in excess of the mortgage indebtedness.

4. SAME—DEFENSE OF LIMITATIONS.
    Limitations are available as a defense to an action for such surplus.

Appeal from special term, New York county.

Action by Mary J. Mooney against Anastasia Byrne and others to redeem certain property from the lien of an absolute deed alleged to be a mortgage, or, in case a sale had been had, for an accounting of the rents and profits, and of the proceeds of sale thereof. From an order, and an interlocutory judgment entered thereon, sustaining a demurrer to the answer, defendants appeal. Order dismissed, and judgment reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON. O'BRIEN, and INGRAHAM, JJ.

J. M. Shedd, for appellants.
Simon G. Sheehan, for respondent.

VAN BRUNT, P. J.    The complaint in this action alleged that on
the 14th of August, 1878, the plaintiff was seised in fee of certain
premises in the city of New York, of the value of $10,000 and up-
wards; that on said day she was indebted to one Owen Byrne in
the sum of $2,875.16, with interest, and in the further sum of $150
paid by said Byrne on account of the plaintiff, and also for further
sums paid by said Byrne in discharge of certain assessments, water
rates, and taxes upon said premises; that upon said day the plain-
tiff, in pursuance of an arrangement with Byrne to secure the pay-
ment of the above indebtedness, executed and delivered to Byrne
a deed of said premises, which was duly recorded; that the said
deed was given as security as aforesaid, and for no other purpose,
Byrnes simultaneously executing and delivering to the plaintiff an
instrument in writing whereby, in consideration of the securing to
him of the payment of said indebtedness, he covenanted and agreed
to restore and reconvey the premises to the plaintiff, upon payment
to him, within one year, of said indebtedness, with interest.    This
instrument was annexed to the complaint and made a part thereof.
The complaint further alleged that Byrne entered into and took
possession of the premises, and he and his representatives and as-
signs have ever since been in possession thereof, and received for
their own use the rents and profits thereof; that, if Byrne or his
representatives had made any conveyance of said premises, such
conveyance was made without the knowledge or consent of the
plaintiff; that Byrne died in January, 1889, his will was probated,
and the defendant O'Conor duly qualified as sole executor; that on
the 26th of May, 1890, O'Conor rendered a final account of his pro-
ceedings as such executor, and was duly discharged; that said
O'Conor was duly appointed, by said will, trustee of certain trusts
therein created, and has continued to be, and now is, such trustee;
that the rents and profits of the premises now amount to much more
than the principal and interest due on said indebtedness, and the
taxes and assessments and all other sums chargeable to her; that
the plaintiff has made demand for an accounting, and that she be
allowed to redeem said premises, and that said premises be recon-
veyed upon payment by her of the sums due from her as aforesaid,
but the defendants will not consent thereto.    The complaint then
demands judgment that an account be taken of the amount due
from her, and that she be at liberty to redeem, etc.

The agreement annexed to the complaint was dated August 14,
1878, and recited that the plaintiff was the owner of the premises
mentioned in the complaint, and that the indebtedness referred to
in the complaint existed, and that proceedings were pending by
Byrne to foreclose said mortgages.    The agreement then provided
that the plaintiff should execute and deliver to Byrne a deed con-
veying the premises above mentioned, subject to said mortgages,
taxes, water rates, and assessments, which deed should contain full
covenants of warranty, etc.    And said Byrne thereupon agreed to

discontinue said proceedings, and, within a reasonable time, to pay said taxes, etc., and also certain other sums of money, together with the costs and expenses of the foreclosure proceedings, and that if, on or before the 14th of August, 1879, one year from the date of the instrument, the plaintiff should pay to Byrne the principal and interest due on said mortgages, and the amount paid for taxes, etc., and the moneys advanced, with interest thereon, and also the proper and necessary expenses of said Byrne, and the costs and expenses of the proceedings in foreclosure, said Byrne would reconvey said premises to plaintiff free and clear from all incumbrances by a bargain and sale deed. Byrne also covenanted that the plaintiff should be relieved from all personal liability by reason of said bonds, and no money judgment or judgment for deficiency should be claimed against her in any action that might be taken upon said bonds and mortgages, so long as she should not dispute or contest the title of said Byrne to said mortgaged premises or the amounts due him on said mortgages. The agreement also contained this provision:

"It is understood and agreed that, as to the agreement by the party of the second part to reconvey said premises, time is of the essence thereof; and, further, that this instrument shall not be recorded by or on behalf of the party of the first part; and that, for a violation of this provision, this agreement, so far as the same provides for such reconveyance, shall thereupon become utterly null and void."

The defendants answered, admitting some of the allegations of the complaint, and alleging that, on the 13th day of June, 1881, the premises were conveyed by said Byrne, and that neither he nor any of the defendants had any title thereto or possession thereof subsequent to said conveyance. The answer also pleads the 6 and 10 years' statute of limitations. To the defense of the statute of limitations the plaintiff demurred. The court sustained the demurrer, apparently on the ground that the 20 years' statute applied; and from the order and interlocutory judgment thereon entered this appeal is taken.

The appeal from the order must be dismissed, as there is no provision in the Code for an appeal from an order sustaining or overruling a demurrer, but the appeal must be taken from the judgment. Ridgway v. Bacon, 68 Hun, 506, 22 N. Y. Supp. 1016.

Upon an examination of the instrument which forms the basis of the action, it is apparent that the deed in question was given as security for the money which was due and to become due to Byrne from the plaintiff, and that it must be treated as a mortgage. It is further apparent that it was the intention of the parties that Byrne was to hold these premises for a year, in order to enable the plaintiff to redeem them. It is evidenced, by the clause in the agreement which makes time of the essence of the contract, and the provision which made the agreement, so far as it provided for reconveyance, null and void in case the plaintiff recorded the instrument, that the understanding of the parties was that, upon the expiration of the year, Byrne was to own the premises, and do as he pleased with them. This view is further reinforced when we consider the pro-

vision that, upon the delivery of the deed, Byrne agreed to relieve the plaintiff from all personal liability by reason of the bonds, to secure which he held the mortgages upon the premises in question. This being the case, Byrne was to be treated as mortgagee in possession; but, after he sold the premises, he ceased to be a mortgagee in possession, and he must be deemed to have sold the same for the satisfaction of the indebtedness for which he held the mortgages. This brings the action precisely within the principle laid down in the case of Mills v. Mills, 115 N. Y. 80, 21 N. E. 714, where it is held that an action of this description must be treated as for an accounting, and a judgment for a sum of money; no other relief being possible upon the facts established.

This action, although an action to redeem, if Byrne has sold, cannot be maintained, as such, unless it is shown that the person to whom the conveyance was made had knowledge of the facts of the limitations upon Byrne's title. If the purchaser had no such notice, there was no mortgage remaining, and nothing to redeem. In the case cited it was held that, when the lands were sold, the mortgage being satisfied, the lien thereof did not attach to the moneys, but the defendant became a debtor for the surplus, and that, under such circumstances, he could not be treated as a mortgagee in possession; and it was held that the statute of limitations would run.

In the case at bar the complaint alleges but one cause of action, but demands alternative relief, dependent upon the facts which should be developed upon the trial under the allegations of the complaint. One class of relief looked to redemption. The other asked that, in case Byrne or his representatives had conveyed the premises to a bona fide purchaser for value, or if, for any cause, a reconveyance could not be had, due compensation for the value of the premises should be made to the plaintiff by the defendants, and each of them, in proportion to the share of the assets of said Byrne received by them, and up to the amount of the same, whether said shares were given to them in trust or otherwise.

The defendant, for a separate defense to the cause of action set up in the complaint, pleaded the 6 and 10 years' statutes of limitations. Under the principles laid down in the case of Mills v. Mills, supra, the statutes pleaded may be a defense to a claim for compensation in case there has been a conveyance. Consequently, demurrer will not lie.

We think, therefore, that the court erred in sustaining the demurrer, and that the appeal from the order sustaining the demurrer should be dismissed, and the interlocutory judgment reversed, with costs of appeal and costs of the demurrer in the court below to the appellant. All concur.