## SPENCER v. RICHMOND et al.

(Supreme Court, Appellate Division, Fourth Department.   December 6, 1899.)

1. TRUSTS—CONSTRUCTION—VALIDITY.
   A deed absolute in form was given to defendant, with the understanding that such property should be held in trust by her for the purpose of satisfying therefrom her claim of $1,000, and that when a sale should be made of the property the surplus should be paid to the grantor, who remained in possession, received the income, paid the taxes, etc.   Such property was afterwards sold for $1,500 above incumbrances.   *Held*, that the agreement constituted a valid trust in favor of the grantor, as to the surplus, when the same was received.

2. SAME.
   Where an agreement as to a surplus constitutes a valid trust as to such surplus, the payment of such surplus to the husband of the cestui que trust, having knowledge of such trust, does not deprive judgment debtors of the cestui que trust of their right to reach same.

3. MORTGAGES—DEED WITH AGREEMENT TO RECONVEY—PAROL EVIDENCE.
   Although a deed is absolute in its terms, parol evidence is admissible to show that it was given as security for an indebtedness, and that there was a parol agreement that the balance should be returned to the grantor.

Appeal from equity term, Monroe county.

Action by Nelson E. Spencer, as receiver of the property of Frances Donovan, against Mary E. Richmond and another.   Judgment for plaintiff, and defendants appeal.   Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

John B. Kiley, for appellants.
Lewis & McKay, for respondent.

HARDIN, P. J.   The plaintiff was appointed receiver in supplementary proceedings. after the return of an execution on a judgment recovered by Robert F. and Newton L. Hendee against Frances R. Donovan on August 20, 1898.   The judgment debtor in July, 1888, owned a farm, which on that day she conveyed to her sister, Mrs. Richmond, to whom she was indebted in about the sum of $1,000. The farm was conveyed subject to certain incumbrances existing thereon.   On the 13th of May, 1898, the defendant Richmond sold the farm, and received therefor $1,500, over and above the incumbrances thereon, and deposited the money in the Monroe County Savings Bank, in her name, as trustee for Michael Donovan, husband of the judgment debtor.   By the findings, supported by sufficient evidence, it appears that the transfer from Mrs. Donovan to her sister, Mrs. Richmond, was made upon the understanding and agreement that the property should be held in trust by Mrs. Richmond for the purpose of satisfying therefrom her claim of $1,000, and that, when a sale should be made of the farm, the balance should be paid

to Mrs. Donovan. The deed was not intended as an absolute con-veyance, but was, rather, executed by way of a mortgage to secure the $1,000 of indebtedness. After the execution of the deed, the Donovans remained in possession of the land, and received the in-come from the farm, and paid the taxes and interest on the in-cumbrances existing upon it, and kept the premises in repair, as they had done before the deed was made. Although the deed was absolute in its terms, it was competent to show by parol evidence that the transfer was by way of security for the $1,000 of indebted-ness, and that the parol arrangement was that the balance should be returned to the grantor, Mrs. Donovan (Horn v. Keteltas, 46 N. Y. 605); and the evidence satisfactorily establishes that, after the payment to Mrs. Richmond of the $1,000 of indebtedness, there re-mained $500, which Mrs. Richmond, without any direction or order of her sister, Mrs. Donovan, paid to the husband of Mrs. Donovan. It appears satisfactorily by the evidence that when Michael Dono-van received the money he well knew that the property had been transferred under the agreement or understanding between the sis-ters which has been stated, and that the balance arising from the sale of the farm over and above the $1,000 of indebtedness belonged to Mrs. Donovan, the judgment debtor. After a careful examina-tion of all the evidence, we are of the opinion that the court com-mitted no error in denying the motion made by the defendants for a nonsuit. We think the agreement between the grantor and the grantee that the property should be held as security by the grantee for the purpose of satisfying her claim therefrom, and that on the sale of the property there should be paid to the grantor the surplus over and above the indebtedness, constituted a valid trust, as to such surplus, when the same was received.

The learned counsel for the appellants calls our attention to Crouse v. Frothingham, 97 N. Y. 112. We think that does not aid his con-tention in this case. It was held in that case that in case of a parol agreement creating a trust, where the evidence in respect thereto is vague and uncertain, and the statement of witnesses as to its terms is uncertain, the court will not declare such trust. In the case in hand, we think the evidence is very clear and explicit that the sur-plus above the payment of the indebtedness of the grantor was to be returned to her, and that her judgment debtor is entitled to reach the same, and that the evidence was sufficient to establish, in equity, the trust. Mooney v. Byrne, 1 App. Div. 316, 37 N. Y. Supp. 388; Bork v. Martin, 132 N. Y. 280, 30 N. E. 584. Being of the opinion that the findings made by the learned trial judge are supported by evidence, and that his conclusions of law are correct, we must sus-tain the conclusion reached, which awards to the plaintiff the right to have an accounting for the $500, and therefrom the payment of the judgment and costs, as stated in the findings made by the trial judge.

Judgment affirmed, with costs. All concur.