MINNIE GREGORY et al., Appellants, v. BENJAMIN BOWLSBY et al., Appellees.

**Express Trust:** MUST BE DECLARED IN WRITING AND EXECUTED IN THE MANNER OF DEEDS. Plaintiffs alleged that their mother died seised of certain land, and that their father requested them to convey their interest to him that he might use the land to better advantage, and verbally agreed not to sell it, and that at his death the accumulations should descend to plaintiffs. It was further alleged that the conveyance was induced by the representations, and that there was no other consideration, though the deed recited one; and that the father made the promises for the sole purpose of cheating the plaintiffs. *Held*, that no express trust could be declared, as Code, section 2918, requires such trusts to be executed in the same manner as deeds, and section 4625 requires contracts relating to an interest in real estate to be evidenced by writing.

**RESULTING TRUST:** *What is not.* As the petition showed that the deed was absolute on its face, and recited a consideration, and was directly to defendant, it did not show a resulting trust.

**CONSTRUCTIVE TRUST:** *What is.* The allegations being that the representations were made with the intention to defraud, and without intention of carrying them out, the petition recited facts showing a constructive trust, and a demurrer thereto should have been overruled.

**Fiduciary Relations:** PARENT AND ADULT CHILD. A father bears no such confidential or fiduciary relation to adult children as to bring transactions between them relating to the lands of either under suspicion, and he may deal with them without any presumption of undue influence.

*Appeal from Madison District Court.*—HON. JAMES D. GAMBLE, *Judge.*

THURSDAY, JANUARY 23, 1902.

SUIT in equity for the cancellation of a deed made by plaintiffs to defendant, and to declare and enforce a trust in certain real estate. The trial court sustained a demurrer to the petition as amended, and plaintiffs appeal.—*Reversed.*

*Steele & Robbins* for appellants.

*Ruby & Hayes* for appellees.

DEEMER, J.—It appears from the amended and substituted petition, which, under the record, must be treated as presenting the facts, that plaintiffs are the children and heirs at law of defendant Benjamin Bowlsby and of Catherine S. Bowlsby, now deceased, and that the defendant M. J. Bowlsby is the second wife of her co-defendant; that Catherine S. Bowlsby died intestate, seised of the real estate in dispute; that at the request of defendant Benjamin Bowlsby certain of the plaintiffs met the father at the home of Frank Davidson, a son-in-law, and that the father then and there requested them to deed to him their interest in the real estate left by his deceased wife, in order that he might use and farm the land to better advantage, and that he then and there verbally agreed that he would hold the land, would not sell or dispose of the same, and that the net proceeds and accumulations thereof should and would at his death descend to the children of Catherine Bowlsby, as provided by law; that, believing in said promises, and that such an arrangement was valid, they executed a deed of bargain and sale to their father of their interest in the real estate theretofore owned by their mother, which deed recited a consideration of $1, the receipt whereof was acknowledge by the grantors; that by reason of the relations existing between them and their father these plaintiffs accepted his statements and promises without taking legal advice, and relied on him to advise them as to their rights and protect them in the premises; that neither defendant nor his attorney, who was present with him, advised them that the arrangement could not be enforced. It further appears from the allegations of this petition that the conveyance was procured by mistake on the part of these plaintiffs, induced by the representations made to them by said defend-

ant; that said defendant paid nothing for the conveyance, and that the sole consideration therefor was his agreement as aforesaid. It is further alleged that said defendant did not intend to carry out the arrangement or agreement on his part, but made the representations and agreement aforesaid for the sole purpose of cheating and defrauding plaintiffs out of their interest in the land of their deceased mother; that after his marriage to his co-defendant he conveyed to her an undivided one-third interest in the property received from plaintiffs, but that this conveyance was without consideration, and was made with the intent to cheat and defraud these plaintiffs; that his co-defendant, when she took the conveyance, knew of the terms and conditions under which her husband received his deed from these plaintiffs. The prayer is that these deeds be canceled, that plaintiffs be adjudged to be the owners of an interest in the property, that their title be quieted, and that an accounting be had of the rents and profits of the real estate. The demurrer was the general equitable one, and as further grounds therefor it is claimed that the alleged oral agreement is within the statute of frauds.

It will be observed from this statement that the deed from plaintiffs to defendant was absolute on its face, and recited a consideration, the receipt whereof was acknowledged by the grantors; and that the agreement on which plaintiffs rely was in parol. The conveyance was directly from these plaintiffs to the defendant Benjamin Bowlsby, their father; hence the doctrine of resulting trust does not apply. That plaintiffs, in the first instance, are seeking to establish an express trust is too clear for argument; and it is equally clear that such a trust cannot rest in parol. Code, sections 2918, 4625; *Ratliff v. Ellis,* 2 Iowa, 59; *McGinness v. Barton,* 71 Iowa, 644; *Hain v. Robinson,* 72 Iowa, 735; *Dunn v. Zwilling,* 94 Iowa, 233; *Maroney v. Maroney,* 97 Iowa, 711; *Hemstreet v. Wheeler,* 100 Iowa, 290; *Acker v. Priest,* 92 Iowa, 610. We need

not quote from these cases in support of the rule announced. They fully cover the ground, and need no amplification. That there was no resulting trust clearly appears from the opinion in *Acker v. Priest, supra.* See, also, *McClain v. McClain,* 57 Iowa, 167, which is directly in point. As the deed was absolute on its face, and recited the payment of a valuable consideration, plaintiffs will not be permitted to establish a trust by showing that there was in fact no consideration but a parol agreement to hold the title in trust. *Acker v. Priest, supra,* and cases cited at page 617, 92 Iowa.

As an express trust cannot be shown by parol, and as there was no resulting trust, we have one question left, and that is, was there such a fraud perpetrated by defendant Benjamin Bowlsby as entitle plaintiffs to the relief asked? That relief is not a reformation of the contract, but its cancellation; not a judgment at law as for fraud, but a decree quieting title, and for an accounting. If there is any cause of action stated, it is for the declaration and establishment of a constructive trust, growing out of the alleged fraud of the defendants. While some facts are recited for the purpose of showing fiduciary relations between the parties, we apprehend they are insufficient for that purpose. A father bears no such confidential or fiduciary relations to his adult children as to bring transactions between them relating to the land of either under suspicion. He may deal with them as with strangers, and no presumption of fraud or undue influence obtains. It is charged, however, that, with intent to cheat and defraud, defendant made the representations charged, fully intending at the time he made them not to carry them out, but to obtain the title to the land, and thus defraud the grantors. Does this make such a case of fraud as that a court will declare a constructive trust in the land in favor of the grantors? The instrument was in the exact form agreed upon by the parties, and there was no promise to

execute defeasances of other instruments to witness the trust. The sole claim is that defendant made the promises and agreements with intent to cheat and defraud the plaintiffs. Mere denial that there was a parol agreement as claimed will not constitute a fraud. *Acker v. Priest* and *McClain v. McClain, supra.* If it did, the statute would be useless. Nor will a refusal to perform the contract be sufficient to create a constructive trust. *McClain v. McClain, Dunn v. Zwilling, supra.* But the statute was not enacted as a means for perpetrating a fraud; and, if fraud in the original transaction is clearly shown, the grantor will be held to be a trustee *ex maleficio.* If, then, there was a fraudulent intent in procuring the deed without intention to hold the land as agreed, and pursuant to that intent the grantee disposed of the property, or otherwise repudiated his agreement, equity will take from the wrongdoer the fruit of his deceit by declaring a constructive trust. *Acker v. Priest, supra,* and cases cited. Mere breach or denial of the oral agreement does not, as we have said, constitute a fraud. "It seems to be requisite," says Chief Justice Gibson in *Hoge v. Hoge,* 1 Watts, 163 (26 Am. Dec. 52), "that there should have been an agency, active or passive, on the part of the grantee, in procuring the deed." Or, as said by Mr. Pomeroy, in his work on Equity Jurisprudence (section 1055); "There must be an element of positive fraud accompanying the promise, and by means of which the acquisition of the legal title is wrongfully consummated." Breach of the agreement may, of course, be considered, but it is not alone sufficient. There must be also some clear and explicit evidence of fraud or imposition at the time of the making of the conveyance to constitute the purchaser a trustee *ex maleficio.* The instant case, however, does not present the question of the quantity of proof required, for, as has been stated, it was decided upon demurrer to the petition, which pleads fraud in the inception of the transaction, and specifically alleges that the deed was made through defendant's

agency, and upon his promise and representations, with the specific intent to cheat and defraud. Our observations regarding the character of the evidence required will perhaps prevent misapprehension of the rule in the future. The authorities are not harmonious on the questions discussed, although the points of difference seem to relate more to the *quantum* of proof in addition to the mere breach of promise than to the rule itself. We cite in this connection: *Patton v. Beacher*, 62 Ala. 579; *Wheeler v. Reynolds*, 66 N. Y. 227; *Glass v. Hulbert*, 102 Mass. 24 (3 Am. Rep. 418); *Morrall v. Waterson*, 7 Kan. 199; *Fairchild v. Rasdall*, 9 Wis. 379; *Johnson v. Hubbell*, 10 N. J. Eq. 332 (66 Am. Dec. 773); *Brison v. Brison*, 75 Cal. 525 (17 Pac. Rep. 689, 7 Am. St. Rep. 189); Pomeroy, Equity Jurisprudence, sections 1055, 1056. This seems to be the first time the question has arisen in this court, although the rule announced has been recognized in the *Acker* and *McClain* *Cases, supra*, and in *Burden v. Sheridan*, 36 Iowa, 125.

We think the petition on its face recites facts showing a constructive trust, and that the demurrer should have been overruled.—REVERSED.