GEORGE MARVEL v. WILEY MARVEL.

FILED DECEMBER 2, 1903. No. 11,752.

1. **Trust**: PAROL AGREEMENT. A parol agreement, made at the time of executing a conveyance of real estate, that the grantee shall hold the property in trust for the grantor and, when sold, pay the proceeds to him, the conveyance not being obtained by fraud or undue influence, is void, as an attempt to create an express trust in real estate by parol, and the land and the money for which it is sold belong to the grantee.

2. **Contract**: PROOF. The evidence by which a contract shall be proved is no part of the contract itself, and is governed, therefore, by the *lex fori* and not by the *lex loci contractus*.

ERROR to the district court for Hamilton county: SAMUEL H. SORNBORGER, JUDGE. *Affirmed.*

*Eugene J. Hainer* and *Jerome H. Smith,* for plaintiff in error.

*William Ledyard Stark* and *John H. Grosvenor, contra.*

DUFFIE, C.

In October, 1878, the plaintiff, George Marvel, conveyed a tract of about three and a half acres of land, situated adjacent to the village of Waynesville in the state of Illinois, to his brother, Wiley Marvel, the defendant. The land is known as the "Mill property." In the year 1881 the plaintiff removed to the state of Nebraska. His brother sold the land on the 24th day of December, 1884, for $400, and the plaintiff brought this action in the district court for Hamilton county to recover the proceeds of that sale. The district court found generally for the defendant, and the plaintiff has prosecuted error to this court. His theory of the transfer of the land to his brother is stated in his brief as follows:

"Property was dull sale and he had small capacity to dispose of it. His brother, Wiley Marvel, finally said to him that if he (Wiley) had the mill property he could get some money out of it for him (George), and, acting on this suggestion, on October 9, 1878, George Marvel and wife conveyed the mill property to Wiley Marvel, under the express agreement that Wiley should in turn sell the property and pay the proceeds to George. The conveyance was made wholly without consideration. Wiley Marvel entered into occupation of the mill property immediately on delivery of the conveyance to him, using it to pasture stock, and on December 24th, 1883, sold it for $400. No part of this sum was paid over to George Marvel, though often requested."

The defense is: First, the statute of frauds; second, that there were other transactions between these parties, from which the plaintiff was owing the defendant, at the time the defendant sold the land, more than the amount received for the land, so that in an accounting in equity there was nothing due the plaintiff.

There was no written evidence of a contract on the part of the defendant to hold the title in trust for the plaintiff and to dispose of the same for his benefit. There

is no allegation in the petition that any fraud or deceit was practiced upon the plaintiff, by the defendant, to procure a conveyance of this land. The doctrine, therefore, established in *Brison v. Brison,* 75 Cal. 525, 7 Am. St. Rep. 189; *Gregory v. Bowlsby,* 115 Ia. 327, 88 N. W. 822; *Larmon v. Knight,* 140 Ill. 232, and *Pollard v. McKenney,* 69 Neb. 742, does not apply.

The plaintiff makes no such claim, but, on the other hand, says in his brief:

"This is not an action to establish any right of George Marvel in the land described in the pleadings. It is simply an action brought to recover the price for the conveyance of the lands, in accordance with the terms of the trust which Wiley Marvel assumed. The title to the premises passed irrevocably to Wiley Marvel by the deed of George Marvel and wife. It is not sought to disturb that title in any respect."

The plaintiff relies upon the principle announced in *Bork v. Martin,* 132 N. Y. 280. He says that the proceeds of the land should be paid by the defendant to the plaintiff; that is, the plaintiff has a claim against the defendant for that amount. It seems to be held in *Bork v. Martin, supra,* that although "the land was conveyed to the defendant upon an oral trust, invalid under the statutes of frauds and of uses and trusts, yet it was lawful for him to perform it;" and if he sells the land and retains the money, he has performed the trust so far that he may be compelled to fully perform it by paying over the proceeds in accordance with the oral agreement. It seems to hold that when the trustee has sold the trust estate, a suit against him for the proceeds does not in any manner involve the trust character of the estate which was sold. It concedes that the title of the so-called trust could not be impeached, and that he could not be required to reconvey to his grantor. It acknowledges that the court is powerless to compel him to proceed one step in the execution of his trust by making a sale of the land, and yet holds that he can not retain the proceeds of the

sale of the lands to which they concede he holds a perfect
and indisputable title; that one who has no standing in
court to question his title to the land, or to claim any
beneficial interest in it for himself, may have the assist-
ance of the court to impress a trust upon the proceeds of
the sale, if one is made.

This rule would defeat the purpose of the statute of
frauds in every case in which the supposed trustee has
sold the lands and kept the proceeds. It establishes an
arbitrary rule that the statute shall not apply in such
cases; and we can not concur in such a doctrine.

Another question relating to the statute should be
noticed: The statute of Illinois relating to the creation
of an express trust in land was pleaded by the defendant.
That statute is not as broad as our own, and some de-
cisions of the supreme court of Illinois relating to that
statute are called to our attention as authority for main-
taining this action. It is said that, as the agreement was
made in Illinois, the laws of that state must govern the
contract so far as its nature, application and interpreta-
tion are concerned. While this is true in relation to the
*lex loci contractus,* it is equally true that the *lex fori*
must govern the course of procedure in giving redress
upon the contract. The evidence by which a contract
shall be proved is no part of the contract itself, and is
governed, therefore, by the rule of the jurisdiction where
the action is tried and not of that in which the contract
was made. This is well illustrated in *Leroux v. Brown,*
14 E. L. & Eq. 247, in which it was held that an action
can not be maintained in the courts of England upon a
parol contract made in France, which was not to be per-
formed within one year from the making thereof, although
the contract was valid by the laws of France. The case
turned upon the question whether the statute made void
such contracts. If it made them void, then, inasmuch as
the law of France governed the contract, the suit could
be maintained, but if the statute applied to the remedy
merely, then, inasmuch as the law of England governed

the course of procedure, no recovery could be had. Lord Brougham said in *Bain v. Whitehaven & Furness Junction R. Co.*, 3 H. L. Cas. 1:

"Whether a witness is competent or not, whether a certain matter requires to be proved by writing or not; whether certain evidence proves a certain fact or not; that is to be determined by the law of the country where the question arises, where the remedy is sought to be enforced, and where the court sits to enforce it."

The cases all agree that the statute requiring an express trust to be evidenced by writing does not render a trust void but requires, only, that the proof of the creation of such a trust shall be evidenced by writing. The statute does not strike at the contract itself but at the manner and method of proving such a contract, and the proof must conform to the laws of the state where the action is tried.

But conceding the law to be as claimed by the plaintiff, we can not see that the second defense is not made out by the evidence. It will be remembered that the defendant held the land for five years after it was conveyed to him by his brother, and then, having sold it, retained the proceeds for fourteen years before this action was begun. The evidence shows conclusively that there were at this time, and at about the time of the conveyance of the land, other transactions between the parties from which the plaintiff became indebted to the defendant. The defendant's right to retain the proceeds of the land, on account of those transactions, was not questioned by the plaintiff for many years after the transactions occurred, and there is substantial evidence in the record from which the trial court might have found that the defendant's claim against the plaintiff equalled the plaintiff's claim against him, and were so considered by both parties for many years. We do not think that the evidence is so wanting upon this point that it can be said that the judgment of the trial court is clearly wrong.

We think that the judgment of the district court should be affirmed, and so recommend.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.