EDWIN OSTENSON, Appellee, v. O. R. SEVERSON, Appellant.

**Depositions:** WRITTEN EXCEPTIONS. An objection to a deposition be-
1 cause of the insufficiency of the notice should be overruled where
no exceptions were filed as required by Code, section 4712.

**Deeds:** TRUSTS: PAROL EVIDENCE. A deed absolute on its face and
2 reciting a consideration cannot, in the absence of fraud, be shown
by parol to be in trust for the grantor.

**Vendor's Lien.** A grantor claiming that his conveyance was volun-
3 tary and without any agreement with the grantee, cannot have a
vendor's lien for the price.

*Appeal from Winnesheik District Court.*— HON. A. N.
HOBSON, Judge.

SATURDAY, DECEMBER 17, 1904.

THE plaintiff is an heir of Emily Severson, who died
intestate, holding the legal title to the land in controversy,
which, with other lands, was deeded to her by her husband,
the defendant, O. R. Severson, several years before her
death. This is a suit in equity to confirm the plaintiff's in-
terest in the land, and for a partition thereof. The answer
denies the delivery of the deed to the wife, and alleges that
it was executed in trust for the husband, O. R. Severson, and
was without consideration. There was a judgment confirm-
ing the plaintiff's interest in the land and ordering partition.
The defendant appeals.—*Affirmed.*

*E. P. Johnson,* for appellant.

*W. M. Strand* and *Frank Sayre,* for appellee.

SHERWIN, J.— Upon the trial the defendant objected
to the use of depositions taken within the State, because of
the insufficiency of the notice. No exceptions to the depo-

sitions were filed as required by section 4712 of the Code, and the objections were therefore rightly overruled. *Pilmer v. Bank*, 16 Iowa, 321.

The deed from the defendant, O. R. Severson, to his wife is absolute in form, and recites a consideration of $5,000 paid to the grantor. That an express trust cannot be proven by parol is well settled. *Gregory v. Bowlsby*, 115 Iowa, 327; *Rogers v. McFarland*, 89 Iowa, 286. The conveyance was directly from Severson to his wife some years after he had purchased and acquired the title to the land, hence it is not a case for the application of the rule obtaining where a purchase is made and the price paid by one and the title passes to another. *Gregory v. Bowlsby, supra.* The deed itself precludes parol proof of want of consideration for the purpose of establishing a resulting trust. It is absolute on its face, and, though there may not have been any consideration therefor, it recites one, and the presumption is conclusive, in the absence of fraud, that the grantee is to take the beneficial estate, and the recital cannot be contradicted by parol evidence of a different agreement. *Acker v. Priest*, 92 Iowa, 610; *Andrew v. Andrew*, 114 Iowa, 524; *Gregory v. Bowlsby, supra.*

The defendant can have no vendor's lien for the purchase price, because under his own theory of the case there was never any agreement to pay anything therefor; in other words, his entire contention is that the conveyance was voluntary on his part, and without any sort of an agreement with his wife. The judgment is clearly right, and it is *affirmed.*

The appellee filed an amended abstract of some thirty pages, in which the questions and answers of the several witnesses are set out. This was unnecessary, and the appellant's motion to tax the cost thereof to the appellee is sustained to the extent of taxing him with four-fifths thereof. — *Affirmed.*