EASLING et al. v. INDEPENDENT BREWING CO.

(Supreme Court, Special Term, Monroe County.   August 3, 1916.)

*(Syllabus by the Court.)*

MORTGAGES &sim;376—RIGHTS OF PARTIES—ACCOUNTING BY MORTGAGEE.

A defendant, on a foreclosure of real property, will be compelled to account and reconvey under an agreement that, when it gets its money out of the property, the balance shall belong to the mortgagor, where it appears that it has received more than the amount of its claims, with interest, costs, and expenses, from a private sale or exchange of a part of the mortgaged premises.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1125–1132; Dec. Dig. &sim;376.]

Action by Andrew W. Easling and another against the Independent Brewing Company to enforce agreement relating to property sold on foreclosure.   Judgment for plaintiffs.

On November 8, 1915, Annie L. Easling was the owner of three parcels of land: (1) One known as lots 21 and 22 of the Vanderbilt Improvement Company in East Rochester; (2) another known as lot 4 of the same tract; and (3) a third known as lots 47 and 48 on the corner of North Goodman and Norton streets in the city of Rochester.   On November 8, 1915, plaintiffs gave a demand promissory note to the defendant for $1,483, and secured it by a mortgage on the above premises.   On or about December 1, 1915, in less than one month from the date of the note, defendant began an action to foreclose the mortgage against the above premises, the third parcel of which in the city of Rochester was occupied as a hotel by the plaintiff Andrew W. Easling as a subtenant under a lease from the defendant; the defendant being a tenant of the plaintiff Annie L. Easling, the owner of all three parcels.

Plaintiffs claim to have had a good defense to the foreclosure action, and to have refrained from interposing it and bidding at the sale by an agreement made with defendant, through its representative, prior to the sale, by which the defendant agreed that, if plaintiffs would by sale or exchange of the mortgaged property, or a part thereof, realize for defendant the amount of its claim, with interest and costs, defendant would release or reconvey such part of said premises as remained after satisfying defendant's claim, with interest and costs.   Plaintiffs, in reliance upon the agreement, interposed no answer or defense, and refrained from bidding at the sale, and made no efforts to secure bidders at the sale to protect their interests; the equities in the property being much more than the claim of the defendant, with interest and costs.

On or about December 23, 1915, judgment of foreclosure and sale was entered in Monroe county clerk's office, and the property was advertised to be sold February 19, 1916.   On January 27, 1916, before the foreclosure sale, plaintiffs made an agreement in writing with one Frank Gatz, and wife for an exchange of the Goodman street property in Rochester for a farm in Orleans county; the plaintiffs to give Gatz and his wife a mortgage on the farm for $6,800, which was to be assigned to the defendant as additional collateral security.   Said agreement was approved by defendant, and said Gatz was let into possession of the Goodman street property, and the license to operate a saloon thereon was transferred to him; but the agreement was not thereafter carried out, but failed of fulfillment through the refusal of the defendant.   On January 29, 1916, and before the foreclosure sale, plaintiffs entered into an agreement with one Henry F. Barnes to exchange the lots in East Rochester at a valuation of $3,400, with a payment by Barnes of $300 in cash.   These lots were to be released upon the completion of the agreement with Gatz, but the agreement was not carried out prior to the sale.

&sim;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On February 21, 1916, the premises were sold to defendant for $25 each, or $75 for all three parcels, and defendant obtained a referee's deed of the same. On February 23, 1916, defendant entered a judgment of deficiency against plaintiffs for $2,019, although at the time of the sale the East Rochester lots were fairly worth $3,400, and the Goodman street property was fairly worth $6,875, over and above existing incumbrances, exclusive of defendant's claim. The deficiency judgment has since been discharged of record by defendant. Subsequent to the foreclosure sale on February 21, 1916, defendant sold and conveyed the East Rochester lots to said Barnes, and received in exchange property equivalent to $3,400, a sum sufficient to satisfy defendant's claim, with interest and costs, but still retains the Goodman street parcel.

Hugh J. O'Brien, of Rochester, for plaintiffs.
Warren, Shuster & Case, of Rochester, for defendant.

RODENBECK, J. The plaintiffs claim to have made an agreement with defendant under which, after the defendant had obtained, by a subsequent sale or exchange of the property after foreclosure sale, all that was due it, the remainder of the property covered by the mortgage should be returned to them. Mr. Easling testified that defendant's representatives said:

" 'When we get our money out, or our security, the balance of this property belongs to you.' * * * He said he would let me have the handling of this property, and get either money or security, or trade it, or any way like that. * * * 'If this Gatz deal [one of the exchanges of property in contemplation] don't go through, I will let you have—if we foreclose this mortgage, I will let you have—the same privilege with the property that you have now; you can sell or trade, any way to get our money out of it, and we won't take no deficiency judgment back against you. * * * We will give you a writing to that effect.' "

No written agreement was made, but the plaintiff is corroborated to some extent by other witnesses, and his agreement is strongly borne out by the facts in the case. After the foreclosure action had been begun, the plaintiffs were permitted to see if they could not satisfy the defendant's claim before sale under the foreclosure, either by a sale of the premises covered by the mortgage, or by an exchange of the property for other property satisfactory to the defendant, so that the plaintiffs might save in this manner their equities in the property. Both the East Rochester and Rochester properties were incumbered, but there was an equity in both of them in favor of the plaintiffs which amounted to upwards of $6,000.

The plaintiffs had, with defendant's consent, negotiated with one Barnes and Gatz for an exchange of their properties; the former deal relating to the East Rochester property, and the latter to the Rochester property. Both agreements were in writing. Under the Barnes deal there was an equity in the East Rochester property of $3,400, and in the Rochester property, according to figures made by defendant's representative, of $4,825. Together the equities in both pieces of property, as the parties talked them over in connection with their deal, amounted to $8,225. The deals, however, did not go through before the foreclosure sale; but that it was expected that they would is quite evident from the fact that the plaintiff had no one at the sale to bid on the property, and did not bid on the property himself, and the property was

sold for $75, and a deficiency judgment taken against the plaintiffs for $2,018, although the original claim secured by the mortgage was $1,483. The omission of the plaintiffs to take any steps to protect their equity in the property at the sale, and the nominal amount for which the property was struck off to the defendant, is some substantiation of the claim of the plaintiffs with reference to the agreement; and the completion after the sale of one of the deals which they had negotiated prior to the sale is another circumstance tending to support their position.

The Barnes agreement, which they had brought about prior to the sale, was substantially carried out by the defendant after the sale, and, under it, it must be assumed that the defendant received the same benefit that the plaintiffs would have received, had the agreement been carried out prior to the sale. This transaction alone would have been sufficient to satisfy the defendant's claim, had it been completed prior to the foreclosure sale; and it is inequitable to permit the defendant to retain the fruits of this exchange of property and the equity in the Goodman street property in satisfaction of a claim of $1,483.

The agreement made by the parties is one which a court of equity will enforce. A plaintiff, on a foreclosure of real property, will be compelled to account and reconvey under an agreement that, when it gets its money out of the property, the balance of the property shall belong to the mortgagor, where it appears that, after the sale on foreclosure, it has received more than the amount of its claim, with interest, costs, and expenses, from a private sale or exchange of a part of the mortgaged premises. Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696; Canda v. Totten, 157 N. Y. 281, 51 N. E. 989; Bork v. Martin, 132 N. Y. 280, 30 N. E. 584, 28 Am. St. Rep. 570; Kincaid v. Kincaid, 85 Hun, 141, 32 N. Y. Supp. 476; Newman v. Nellis, 97 N. Y. 285; Noble v. McGurk, 16 Misc. Rep. 461, 39 N. Y. Supp. 921; Greenly v. Shelmidine, 83 App. Div. 562, 82 N. Y. Supp. 176.