TUCKE ET AL V. BUCHHOLZ.

1. **Fraud:** UNDUE INFLUENCE: CONTRACT. Where one standing *in loco parentis* to the minor owners of real estate, who were accustomed to obey him and were ignorant of business affairs, induced them after they had attained their majority to make a contract, unconscionable in character, to convey to him their real estate, *held*, that the contract should not be enforced.

2. ——: ——: ——. Contracts between parties occupying such relations to each other are regarded with distrust by the courts.

*Appeal from Clayton Circuit Court.*

MONDAY, JUNE 12.

ACTION in chancery to cancel certain bonds or contracts entered into by plaintiffs for the conveyance of lands described in the petition, on the ground that the execution of the instru-

ments was procured by fraud of defendant, and undue influence exerted by him over plaintiffs. The petition prays that defendant be required to account for the rents of the land, and that judgment be rendered therefor as well as for the possession of the property. There was a decree rendered by the Circuit Court granting the relief prayed for in the petition. Defendant appeals. Other facts of the case are stated in the petition.

*S. Murdock* and *Hatch & Frese*, for appellant.

*James O. Crosby*, for appellees.

BECK, J.—The defendant married the mother of plaintiffs, who was then a widow, when the eldest of them was about nine years of age. From this time until they reached their majority he stood in the place of a father and exercised parental authority and control over plaintiffs. Their father died seized of the land in controversy, and devised to their mother a life estate therein, with remainder to the plaintiffs. Defendant, after his marriage with plaintiffs' mother, occupied the land and made valuable improvements thereon. The mother died after the oldest of plaintiffs had attained his majority; defendant was thereupon appointed guardian for plaintiffs, who were then minors. After the three oldest of plaintiffs had become of age, they united in a bond obligating themselves to convey to defendant the land in controversy for the consideration of $500 to be paid to each, for which defendant executed his promissory notes payable at a future day, without interest. The other plaintiffs, upon reaching their majority, executed a like obligation. The plaintiffs in this action sued to set aside these contracts, on the ground that their execution was procured through the fraud of defendant, and undue influence exerted by him over them.

We think the evidence before us supports the decree rendered in the Circuit Court. From their earliest childhood the plaintiffs were subject to the authority of defendant, who stood, as to them, *in loco parentis*. The evidence shows that,

*Margin note: 1. FRAUD : undue influence: contract.*

while he was not unkind towards plaintiffs, he exerted his authority over them with a firm hand. They were unusually obedient, and entertained the respect for him due a parent. The evidence clearly shows that the contracts were executed at his solicitation, and upon requests that, in effect, were commands. The plaintiffs, at the time of the execution of the instruments, were not of ordinary intelligence—certainly had not the acquaintance with business affairs usually possessed by persons of their age. They did not have a full knowledge of the extent of their interest in the lands. Defendant represented to one or more of plaintiffs that they were liable to lose the land, thus exciting their fears. The consideration he undertook to pay the plaintiffs for the property was less than half its value.

The record presents the case of defendant standing *in loco parentis* to all the plaintiffs, and the guardian of all but one of them, procuring the execution of the contracts after their majority, but before they were emancipated from the habit of obedience and deference to him, by the exercise of his authority, by solicitation, and, in one instance, through fear excited by false representations.

The contract, besides, is unconscionable, the consideration therefor being greatly inadequate. Contracts between persons holding towards each other relations of this character, are regarded by equity with jealousy; under its rules the rights of the weaker party will be protected, and the power and influence of the stronger, acquired by long habits of authority exercised and obedience rendered, will be restrained. 1 Story's Eq., § 309, 317.

The decree of the Circuit Court, besides declaring the contract invalid, provides that plaintiffs recover $1,790 of defendant for the rent of the land since the plaintiffs arrived at their majority. The evidence supports this provision of the decree. It ought, however, to have further provided that the notes executed by defendant, which the evidence shows plaintiffs offered to surrender, be given up to plaintiff. A decree will be rendered in this court conforming to the decree of the court below, with the condition just suggested that the promissory

notes of defendant be delivered to him before it shall be operative.

AFFIRMED.

ADAMS, J., does not concur in the conclusions of the foregoing opinion, so far as it affects the contracts of two of the plaintiffs, Joseph H. and Adam H. Tucke, which, he thinks, should be held valid, for the reason that, in his opinion, they were, at the time of the execution of the instruments, of such age as to authorize the conclusion that they were emancipated from the habit of obedience to defendant.