SAMUEL BRANT v. JOSIAH BRANT AND AMANDA BRANT, Appellants.

**Fraudulent Conveyancy.** RECOVERY OF PROPERTY BY GRANTOR: *Intent.* Where a conveyance of property was made to place it beyond the reach of any judgment which might be obtained against the grantor for supposed illicit relations with a woman, and the evidence showed that there was nothing in the woman's claim, the purpose of the conveyance will not bar a recovery in a suit to set aside the deed.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

MONDAY, OCTOBER 7, 1901.

ACTION to set aside a deed alleged to have been procured through the fraudulent representations of the grantee. Judgment for the plaintiff, and defendants appeal.—*Affirmed.*

*Remley & Ney* for appellants.

*L. A. Foster* and *O. A. Byington* for appellee.

SHERWIN, J.—The plaintiff is the father of the defendant, Josiah Brant, and at the time of the conveyance of the land in question to him was about 70 years old. It fairly appears that the deed to the defendant Josiah Brant covered all of the plaintiff's real property, and it conclusively appears that the conveyance was entirely without consideration; that it was not in fact, and cannot in any view of the case be considered, an advancement to the son; and that the sole and only purpose for which it was made was to place the property beyond the reach of any judgment which might be obtained against the plaintiff for supposed illicit relations with his hired girl. The evidence before us touching the question of such illicit relations, and touching the question of his liability therefor, satisfies us that there is nothing in the claim and that under the rule announced in *Kervick v. Mitchell,* 68 Iowa, 273, the purpose of his conveyance cannot stand in the way of his recovery in this action. The question we have to deal with is therefore one of fact only, and is whether the son, the defendant herein, induced the conveyance by false and fraudulent representations to the plaintiff. The testimony of the father and son on this important subject cannot well be harmonized, and, were there no facts and circumstances shown bearing upon the question, we would be compelled to hold that the plaintiff had not sustained his position. In almost every important particular, except as to the time of the alleged conversation inducing the conveyance and as to its extent and nature, the defendant's testimony, either given by himself or by his witnesses, tends to

corroborate the plaintiff, or places the matter beyond controversy. The defendant, according to his own testimony, had talked with the father of the girl about her supposed relations with the plaintiff, and had told the plaintiff of this conversation, and had told him that the father of the girl was going to find out what he could do about a claim which his daughter had against him. This, in connection with the other circumstances appearing in the record, leads us to the conclusion that the plaintiff's version of the transactions and conversations preceding the making of the deed are substantially correct, and that he was induced to make it by the false representations of the defendant as to what the father of the girl threatened. The relation of father and son is such that the utmost good faith is required in all their dealings, and, where it appears that a son has taken even slight advantage of the confidence placed in him by an aged father, the court should not sustain the transaction to the serious detriment of the father. While the purpose of the plaintiff in making the conveyance is not to be commended as highly moral, no legal objection is made thereto; and, as between the plaintiff and the defendant, the equities are all with the plaintiff. The judgment is AFFIRMED.