SARAH JANE LAMPMAN, Appellee, v. ADELIA LAMPMAN *et al*, Appellants.

Action to Quiet Title: CONSTRUCTIVE FRAUD: EVIDENCE. Where
1   land was purchased with the proceeds of an insurance policy
    on the life of the husband and which was payable to the widow
    on his death, she is entitled to the fee, and a conveyance
    to her of a life estate with the remainder to her children, is
    a constructive fraud.

Statute of Limitations: LACHES. The widow discovered the
2   condition of her title nearly five years prior to the commence-
    ment of the action, but under the peculiar facts in the case is
    not chargeable with laches.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

FRIDAY, OCTOBER 24, 1902.

ACTION in equity, asking that plaintiff be declared the owner in fee of a 40-acre tract of land, and that her title thereto be quieted against the claims of defendants.— *Affirmed.*

*H. C. Printy* and *L. P. Main* for appellants.

*Redmond & Stewart* for appellee.

WEAVER, J.—The plaintiff alleges that she is the widow of George Lampman, deceased, and that she was the beneficiary of insurance upon the life of her said husband to the amount of $2,000; that the defendant T. D. Lampman, who was her husband's brother, and the executor of his will, received said sum; that thereafter the land in controversy was purchased for her benefit with said money, but that said T. D. Lampman, instead of having the deed made to plaintiff, fraudulently caused it to be made to his own wife; that thereafter he pretended to have his wife execute a conveyance to plaintiff, who relying upon his statements, and reposing confidence in him, accepted such deed believing it to convey to her the full title to the property, but that since the delivery of the instrument, and within a few months prior to the commencement of this action, she discovered that the conveyance was of a life estate only, with remainder to her children; that she is ignorant and inexperienced in business matters, and acted upon the advice and representation of said T. D. Lampman as the manager of her affairs, who concealed from her the fact that she was receiving anything less than a title in fee to the land. The defendants admit the conveyances mentioned by plaintiff, and that the land was purchased with the proceeds of the insurance upon the life of plaintiff's husband, but deny all allegations of fraud and misrepresentation. They also plead the statute of limitations, and say that the purchase of the land and the manner of taking the title thereto was

done with plaintiff's consent, and in pursuance of a request
to that effect in the last will of plaintiff's husband.

At the time of the death of George Lampman, he was
the owner of an 80-acre farm, which was considerably incum-
bered.   By the terms of his will he directed that the pro-
ceeds of his life insurance should be used in
paying off the incumbrance on the farm, and
that his wife have the use of the property for
life.   Indorsed upon the policy was the following writing:
"I agree to carry out my husband's will in regard to the
payment of proceeds of policy No. 9,063 in the Iowa Legion
of Honor.   Sarah Jane Lampman."   But the date when
such indorsement was made is not stated in the record.
As the policy was payable to plaintiff, it was manifest
that her husband could not, by his will dispose of it, or
control its use in her hands, save as she might voluntarily
surrender her rights therein.   Much of the testimony as
to the course of dealing between plaintiff and T. D. Lamp-
man after the death of George Lampman is quite conflict-
ing, but it is conceded that T. D. Lampman acted as the
executor of his brother's will, that he received the money
due plaintiff on the insurance policy, that he invested a
part of it in the land in controversy, that the title to the
land was at first taken in the name of his wife, and that
later he united with his wife in a deed of a life estate to
plaintiff, with remainder over to her children.   He testi-
fies that the money was not used in paying off the incum-
brance on the 80-acre tract because plaintiff refused to
make such application, but her statement is that she acted
under the advice and direction of said defendant.   It is
unnecessary to dwell more particularly upon the testi-
mony.   It is not disputed that plaintiff's money was used
in the purchase of the land, and as a net result of the
transaction she has received only a life estate therein.   We
do not think there has been shown any actual purpose to
defraud the plaintiff, but it is reasonably clear from the

1. CONSTRUC-
TIVE fraud:
evidence.

record that she is a person of limited mental capacity, and without any adequate conception of the legal effect of the several steps whereby her money was thus invested. It seems very probable, from the showing made that T. D. Lampman had little confidence in the ability of his sister-in-law to wisely use and preserve the proceeds of the life insurance, and that the plan acted upon was devised by him as the most advisable method of securing the money from loss or waste through her want of business capacity. That he occupied a relation of trust and confidence in the matter and that she relied upon him, and confided in his judgment and management, is also quite plain. We are also satisfied that she was not made to understand the nature of the conveyance to her from the wife of T. D. Lampman. Added to the fact of her inexperience and native weakness, she was then laboring under the burden of grief caused by her husband's recent death and the anxieties of an approaching confinement. That she should have depended upon the brother of her husband and the executor of his will for advice and guidance is not strange, nor that he should have exercised more authority than he would have assumed with one in whom he felt no family interest. But notwithstanding the honesty of his intentions, the result of his management was to deprive plaintiff of her property without any consideration therefor; and, in view of their confidential relations, we think the manner in which the transaction was consummated amounts to a constructive fraud, and that the decree of the district court is right. *Stockton v. Ford*, 11 How, 232; *Ward v. Armstrong*, 84 Ill. 151; *Pollon v. Martin*, 1 Sand. Ch. 569; *Spencer's Appeal*, 80 Pa. St. 317; *McBrown v. Rives*, 1 Stew. (Ala.) 72.

There is nothing in the record to sustain the contention of counsel that the plaintiff intended to make a gift of the property to her children, and took this method to effect such purpose.

II.   Neither can the plea of the statute of limitations be sustained.   The fact is sufficiently established that the true condition of the title conveyed to her was not discovered by plaintiff until within less than five years prior to the commencement of the action.   Under ordinary circumstances, and where the plaintiff appears to be a person of average experience and capacity, we should be more inclined to apply the bar of the statute; but under the peculiar facts of this case we think the plaintiff is not chargeable with laches in failing to make earlier discovery of her rights.   The arguments of counsel have been devoted principally to the questions of fact presented by the record, and upon the disposition of these questions we are content to rest our decision, without further discussion of legal principles concerning which there can be little, if any, difference of opinion.

2. STATUTE of limitations: laches.

We are satisfied that the decree of the district court effects substantial justice, and it is AFFIRMED.