HENRY REESE, Guardian of the person and estate of Hermine Shutte, v. WILLIAM SHUTTE, Appellant.

**Guardian and ward:** CONVEYANCES: CANCELLATION OF INSTRUMENTS:
1 BURDEN OF PROOF. A guardian who seeks to set aside a deed of his ward has the burden of showing the ward's incapacity; and a conveyance, for less than real value, of an aged and infirm parent to a child in whom confidence and trust was reposed will be closely scanned, and the burden is upon the grantee to show the good faith of the transaction.

**Conveyances:** COMPETENCY OF GRANTOR: INSANE DELUSIONS: EVI-
2 DENCE. Although a person may be the subject of an insane delusion, yet he is not incompetent on that account to make a deed, unless it appears that the delusion extended to the subject out of which the conveyance grew and thus affected his business capacity at that time. Evidence held to show capacity to make a conveyance.

*Appeal from Crawford District Court.*— HON. F. M. POW-ERS, Judge.

THURSDAY, JULY 12, 1906.

REHEARING DENIED, WEDNESDAY, MARCH 13, 1907.

SUIT in equity to set aside a deed because of the mental incapacity of the grantor. Judgment for plaintiff. The defendant appeals.— *Reversed.*

*Connor & Lally,* for appellant.

*Geo. H. Clark* and *Johnston Bros.,* for appellee.

SHERWIN, J.— The defendant is a son of Hermine Shutte, the plaintiff's ward. Herman Shutte, the defendant's father, died intestate in 1885, owning a quarter section of land and leaving surviving him his widow, the defendant, another son, and three daughters. The interest of the other children in the farm was subsequently conveyed to the mother and this defendant jointly, and prior to April 24, 1903, he and his mother occupied the premises together. On the last-named date she conveyed to the defendant her interest in the land, and as consideration therefor the defendant executed notes for $3,000, drawing 5 per cent. interest, which were secured by a second mortgage on the quarter section. He also paid for his mother $1,000 on a $2,000 mortgage which they had theretofore jointly placed on the land. In September, 1903, the mother went to live with a married daughter, the wife of the plaintiff herein, and soon thereafter this suit was brought to set aside and cancel the deed in question; the allegations of the petition therefor being that it was procured through undue influence and that the grantor was of unsound mind when it was executed.

No difficult propositions of law are involved in this appeal. It is well settled that the plaintiff has the burden of proving his ward's legal incapacity to make the convey-

1. GUARDIAN AND WARD: conveyances: cancellation of instruments: burden of proof.

ance, and it is equally as well settled that transactions of this kind between an aged and infirm parent who has reposed confidence and trust in the child will be closely scanned by the court and that the burden is on the grantee to show the bona fides thereof. *Forrestel v. Forrestel,* 110 Iowa, 614; *Spargur v. Hall,* 62 Iowa, 498; *Brant v. Brant,* 115 Iowa, 701.

Certain conditions are conclusively shown by the evi-

dence.   It is shown that for years prior to the conveyance,
at the time thereof, and for three or four months thereafter,

2. CONVEYANCES:
competency of
grantor; in-
sane delusions;
evidence.

the grantor's physical condition enabled her
to do the ordinary work of a housewife on
a farm, and that she appeared as well and
strong physically as the ordinary woman of her age.   It is
also shown that during this time she was mentally bright
and active, that she knew and easily recognized her neigh-
bors and friends, and was able to and did carry on intelli-
gent conversation with them respecting her own affairs and
matters in which they were interested.   With some of her
acquaintances she talked of her advancing age and of her
property, and in January or February preceding the con-
veyance she told disinterested persons that she intended to
sell her interest in the land to the defendant for less than
it was really worth, and gave an intelligent and reasonable
reason for so doing.   When he executed the deed she went
over the entire transaction with the scrivener, who prepared
the same and took her acknowledgment thereto, telling him
of the arrangement that she had made with the defendant
relative to the transfer.   On the other hand, it is clearly
shown that her interest in the land was worth some $2,000
more than she received for it; that from some time prior
to the conveyance up to the time of the trial she frequently
manifested the delusion that lice were in her hair and on
her body, and in the earlier stages of the delusion she ap-
plied remedies to her hair to destroy them.   It also appears
that some three or four months after the deed was made
this delusion became stronger, and she then imagined that
the vermin were around her in her bed and on the floor.
It is undisputed that as early as the 20th of April, 1903,
she was afflicted with arterial sclerosis, or a thickened con-
dition of the arteries.   There is also testimony tending to
show that such diseased condition of the arteries occasionally
produces senile dementia, and that Mrs. Shutte was then and
later suffering therefrom.   While there is no question as

to the existence of the delusion when the deed was made, the weight of the evidence clearly sustains the appellant's contention that senile dementia did not in fact exist at that time. It is now the universally accepted rule that an act sought to be invalidated by reason of the doer's insanity must be the direct offspring and result of such insanity; and, although a person may be the subject of an insane delusion, he is not on that account incompetent to make a deed or a will, unless it appears that the delusion extended to the subject out of which the conveyance grew and thus affected his business capacity. In other words, in order to avoid a deed on the ground of the grantor's insanity, it must be shown that the grantor was at the very time of the conveyance subject to an insane delusion influencing him to do the act, or that he had lost the faculty of reasoning intelligently on any subject. *Burgess v. Pollock,* 53 Iowa, 273, and cases cited therein; *Elwood v. O'Brien,* 105 Iowa, 239; *Perkins v. Perkins,* 116 Iowa, 253; *Dennett v. Dennett,* 44 N. H. 531 (84 Am. Dec. 97).

The contrary is shown in this case, and we entertain no doubt of the grantor's mental capacity to make the deed in question. We doubt the applicability in this case of the rule shifting the burden of proof as to undue influence; but, conceding that the defendant has the burden of showing the bona fides of this transaction, he has sustained the burden beyond any question, and has done so by the testimony of wholly disinterested witnesses. The defendant is entitled to a judgment, and the decree of the trial court must be, and it is, *reversed.*