ZAMBERLETTI v. ZAMBERLETTI.

Civ. No. 1–68.

United States District Court
S. D. Iowa, Central Division.

June 3, 1952.

874

Ross H. Sidney of the firm Herrick & Langdon of Des Moines, Iowa, for plaintiff.

Paul Steward of Des Moines, Iowa, and Johnston, Shinn & Johnston, of Knoxville, Iowa, for defendant.

RILEY, District Judge.

There is involved in this action the question as to whether plaintiff or defendant is entitled to the proceeds of a deposit of $5,-000.00 in a joint savings account in Iowa-Des Moines National Bank on January 8, 1949, by the defendant. It is admitted that just prior thereto the late Romeo Zamberletti of Danville, Illinois, husband of the plaintiff and brother of defendant, had delivered to the latter the amount of $5,000.00 so deposited.

It is established by the evidence and the court finds that the original signature card in this account, No. 159658, Exhibit "C", bore the names of the defendant and her brother Romeo, and the deposit was made January 8, 1949, both names having been signed by Anna, the defendant. It is also established and the court finds that a subsequent joint signature card was signed by Romeo and Anna some time during the spring of 1949 and delivered to the bank June 9, 1949. The first card, Exhibit "C", is an individual signature card and had written thereon "Joint card out." On the second, Exhibit 2, which bears the separate signatures of Romeo and Anna, just above the signatures appears the following, in print:

"Authorized Signatures—Joint Account

The undersigned joint depositors, hereby agree, each with the other and with the Iowa-Des Moines National Bank of Des Moines, that all funds heretofore and hereafter deposited to the credit of this account are, and shall be, the joint property of the undersigned, subject to the order of either. The balance upon the death of either shall be the sole property of the survivor and shall be payable upon his or her order."

The passbook was at all times in the possession of Anna. At the times involved, Anna had her own separate savings account, No. 107849, opened November 16, 1934. Romeo had his own separate savings account, No. 92322, opened November 28, 1932, in which there remained a balance of $2,000 at the time of his death on July 9, 1949.

Plaintiff alleges that the amount of $5,000.00 was delivered by Romeo to Anna with oral instruction that she was to deposit the money in *his* savings account in this bank; that she was to deposit it in such a manner that either he or she "could draw checks against said account"; and that Anna was to withdraw sums from said account only for the purpose of using said money for Romeo, his wife and son. There is no evidence to support any one of these claims.

Defendant claimed that the money was delivered as a gift and denies that she received it impressed with a trust. She claims also by virtue of the rights conferred under the joint deposit account contract, Exhibit 2, between Romeo, herself and the bank.

There is no allegation of fraud, duress or undue influence, nor is there evidence to support such claims if made. It is questionable that the evidence offered is admissible; In re Estate of Murdock, 238 Iowa 898, 29 N.W.2d 177. Although this court considers it unnecessary in view of its holding hereinafter stated, nevertheless it expressly finds that on the whole record plaintiff has failed to sustain the burden of proving the alleged trust. It is plaintiff's burden to prove the existence of such a trust by clear, convincing and satisfactory evidence; Hill v. Havens, 242 Iowa

920, 48 N.W.2d 870, 874. This has not been done.

■ The court finds that the mere blood relationship of donor and defendant does not bring into operation the confidential relations doctrine. Kramer v. Leinbaugh, 219 Iowa 604, 259 N.W. 20. Nor is there anything in this record to support a claim of dominance.

The court finds from the entire record that the delivery of the money to Anna on January 5 or 6, 1949, constituted a completed gift.

If it is contended that the gift was not completed at that time, it was completed at whatever time Romeo signed the joint signature card, which was prior to June 8, 1949. At the time of the gift, Romeo had a worth of approximately $140,000 and had made a will making his wife the sole beneficiary of his estate. The record discloses faithful service at various times in Romeo's family by his spinster sister Anna. The delivery was made some weeks after his surgery for cancer at Mayo Clinic. The brother must have known that if he desired to reward this sister for services that she had rendered in maintaining his home after the death of his first wife, before his remarriage, and later in his home in Illinois, and to make provision for her later years (she was then forty-eight), he must do it by gift or will. He made no change in his will. When he delivered the $5,000.-00 he had an account in the same bank. When he signed the joint signature card, he had this independent account in the same bank. He had declared to a friend his intention to make provision for his sister. There would appear therefore to be motive, means and desire.

■ The substantive law of Iowa, which it is agreed is controlling here, deprives plaintiff under the issues as made, of the right to question the contract made between Romeo Zamberletti, the defendant and the bank. In recent years the Iowa law has progressively developed to this result:

Hill v. Havens, 242 Iowa 920, 48 N.W.2d 870, 876. The able and complete opinion by Thompson, J., traces the development of the law, the nature of the contract, its effect as to the rights of the parties, and even says that in a situation such as we have here the device of a claim of resulting trust will not serve to vary elementary rules of evidence which apply in equity as well as at law. After declaring the rule the court adds that "it is perhaps worth while to note that any other holding would subject many thousands of joint tenancy conveyances to the hazard of similar litigation." In the circumstances and on the whole record, plaintiff's claim must be dismissed with prejudice.

■ Plaintiff was permitted, without objection, to testify as to what she heard of an alleged conversation between her husband and defendant at the time the money was delivered to defendant. When the defendant sought to give the entire conversation, of which it was alleged plaintiff testified as to only a part, her counsel made objection and claimed that her testimony as executrix came within the exception provided by Section 622.5 of the Code of Iowa 1950, I.C.A. The testimony of the defendant as to the entire conversation was received subject to objection that the witness was not competent under the Iowa "dead man's" statute. The court has not relied upon this evidence to support its findings in this case, stated elsewhere. It cannot forbear the comment that were it the only evidence to support the decision it would be considered because it is believed that within the meaning of the Iowa decisions the plaintiff had waived the benefits of the statute by having plaintiff testify as to a part only of the conversation. However, the determination of that question is not necessary to support the decision of this case.

Findings of fact and conclusions of law will be prepared in accordance with this memorandum.

Judgment will be entered accordingly.